

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00194-CR

BRANDON WILLIAMS

APPELLANT

V.

THE STATE OF TEXAS

STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1327831D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Brandon Williams appeals from his conviction for aggravated sexual assault and 99-year sentence. In his sole point, Appellant argues that the trial court's jury charge at punishment violated his rights to due process and due course of law. Because Appellant's argument has been rejected by the court of criminal appeals, we affirm.

---

[1]See Tex. R. App. P. 47.4.

After a jury found Appellant guilty of aggravated sexual assault and heard evidence regarding punishment, the trial court charged the jury and included the statutory instruction regarding the possible effect of good-conduct credits on Appellant's sentence. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a) (West Supp. 2014). As required, the instruction informed the jury that it could not "consider the extent to which good conduct time may be awarded to or forfeited by [Appellant] . . . [or] the manner in which the parole law may be applied" to Appellant. *See id.* Under the law applicable to Appellant's conviction for aggravated sexual assault, Appellant was not eligible for release on mandatory supervision based on good-conduct credits. *See* Tex. Gov't Code Ann. §§ 508.145(d), 508.149(a) (West Supp. 2014); Tex. Penal Code Ann. § 22.021(a) (West Supp. 2014). Appellant argues that the inclusion of the good-conduct-time instruction violated his constitutional rights because it did not apply to his conviction.

Showing the highest degree of professionalism, counsel for Appellant candidly recognizes that this issue has been firmly decided against his position. Indeed, the court of criminal appeals has held that the instruction under article 37.07, section 4 is statutorily required to be given even if the instruction has no effect on a defendant's eligibility for mandatory supervision. *Luquis v. State*, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002). The court further concluded that the statutorily required instruction did not violate a defendant's due-process or due-course-of-law rights even though inapplicable. *Id.* at 364–68. We are bound by

this precedent and, therefore, conclude that the trial court did not err by including the required good-conduct-time instruction even though inapplicable to Appellant. *See Sanders v. State*, 255 S.W.3d 754, 765–66 (Tex. App.—Fort Worth 2008, pet. ref'd). We overrule Appellant's point and affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 23, 2014